UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT CSECH,<br><br>                            Plaintiff,<br>    v.<br>SHANNON MOYLE et al.,<br><br>                          Defendants. | Case No. 3:15-cv-00615-MMD-VPC<br><br>ORDER |

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. On September 8, 2016, the Court issued an order dismissing the third amended complaint with leave to amend and directed Plaintiff to file a fourth amended complaint within thirty (30) days. (ECF No. 8 at 6.) On October 28, 2016, the Court issued an order granting Plaintiff until November 4, 2016, to file a fourth amended complaint. (ECF No. 12 at 2.) The Court informed Plaintiff that no further extensions would be granted and that if he failed to file a fourth amended complaint, the Court would dismiss this action with prejudice. (*Id.*) The deadline has now expired and Plaintiff has not filed a fourth amended complaint. Instead, Plaintiff files a motion for the Court to stay his case in order for him to appeal. (ECF No. 13.) The Court denies this motion.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with

local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor — public policy favoring disposition of cases on their merits — is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file a fourth amended complaint on or before Friday, November 4, 2016 expressly stated: "It is further ordered that, if Plaintiff fails to file a fourth amended complaint, this action will be

dismissed with prejudice." (ECF No. 12 at 2.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file a fourth amended complaint on or before Friday, November 4, 2016.

It is therefore ordered that this action is dismissed with prejudice based on Plaintiff's failure to file a fourth amended complaint in compliance with this Court's October 28, 2016, order.

It is further ordered that the motion to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

It is further ordered that the motion for stay (ECF No. 13) is denied.

It is further ordered that that this Court certifies that any *in forma pauperis* appeal from this order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

It is further ordered that the Clerk of Court enter judgment accordingly.

DATED THIS 10th day of November 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE